

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Gean B. Turner
District Attorney
Cleburne, Texas

Dear Sir:

Opinion No. O-1575
Re: Transfer of entire school
district by local board
of trustees.

We are in receipt of your letter of August 31, 1939, in which you present the following facts to this department for an opinion:

About one year ago the Bethel Common School District voted to increase its local maintenance tax rate to fifty cents on the one hundred dollars valuation thereby enabling it to receive all types of aid under the Equalization Laws of Texas. Since that time the Trustees of the Bethel Common School District, being of the opinion that a satisfactory school could not be maintained, contracted with the Grandview Independent School District to transfer the entire district into the Grandview School. Both of said schools are in Johnson County. Some of the citizens of the Bethel Community are complaining of this transfer because they thought when they voted to increase the maintenance tax that a school would be maintained in the Bethel School District. You submit the following question for an opinion:

After the Bethel Common School District voted to increase its maintenance tax rate to fifty cents on the one hundred dollars valuation were the trustees of the said district authorized to transfer all the children residing in the common school district into the Grandview Independent School District?

Article 2699, Revised Civil Statutes, 1925, provides as follows:

"Except as herein provided no part of the school fund apportioned to any district or county shall be transferred to any other district

Hon. Gean B. Turner, Page 2

or county; provided that districts lying in two
or more counties and situated on the county line
may be consolidated for the support of one or
more schools in such consolidated district; and
in such case the school funds shall be transferred
to the county in which the principal school build-
ing for which such consolidated district is lo-
cated; and provided further that all the children
residing in a school district may be transferred
to another district or to an independent district
upon such terms as may be agreed upon by the trus-
tees of said districts interested."

Section 15 of House Bill No. 933, Acts, 46th Legis-
lature, Regular Session, being the School Aid Equalization
Bill, provides as follows:

"Section 15. Transfer of the entire district.
On the agreement of the Board of Trustees of the
district concerned or on petition signed by a
majority of the qualified voters of the district
and subject to the approval of the County Superin-
tendent and State Superintendent, the trustees of
a district which may be unable to maintain a satis-
factory school may transfer its entire scholastic
enrollment or any number of grades thereof to a
convenient school of higher rank and in such event
all of the funds of the district including the
State aid to which the district would otherwise be
entitled under the provisions of this Act or such
proportionate part thereof as may be necessary may
be used in carrying out their agreement."

Section 6 of said House Bill No. 933 provides that
no school district shall be eligible to receive aid under the
provisions of said Act unless it shall be providing for the
annual support of its schools by voting, levying and collect-
ing for the current year a local maintenance school tax ex-
clusive of the tax for interest and sinking fund for bonds not
less than fifty cents on the one hundred dollar valuation in
the entire district.

We find no provision which would prevent the board
of school trustees from transferring all the children residing
in a school district to another district merely because there
had been voted by such district within one year a local main-
tenance tax of fifty cents on the one hundred dollars valua-
tion.

752

The board of trustees of the district having determined that said district will be unable to maintain a satisfactory school, it is authorized to transfer its entire scholastic enrollment to a convenient school of higher rank notwithstanding the school district may have voted to increase its tax rate to fifty cents on the one hundred dollar valuation within one year of the date of such transfer, provided, however, that the County Superintendent and State Superintendent approved the action of the local board of trustees.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Cecil C. Cammack,*

Cecil C. Cammack
Assistant

CCC:LM

APPROVED SEP 11, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY BWA
CHAIRMAN